CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 21 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEITH HAGER, | ) CASE NO. 7:19CV00226 |
| Petitioner, | ) |
| v. | ) MEMORANDUM OPINION |
| WARDEN, | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| Respondent. | ) |

Keith Hager, a federal inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, asking for release from detention under a void criminal judgment. After review of the record, the court will summarily dismiss the petition.

I.

Hager pleaded guilty in the United States District Court for the Northern District of Iowa to a charge of conspiring to distribute 100 grams or more of heroin within 1,000 feet of a school. The Court sentenced Hager to the statutory maximum sentence of 960 months in prison,[1] and the judgment was affirmed on appeal. See United States v. Hager, 609 F. App'x 355 (8th Cir. April 24, 2015), cert. denied, 136 S. Ct. 2031 (2016). Hager's motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 was denied in 2017. Pet. 18, ECF No. 1.

---

[1] At the sentencing hearing, the Court found that Hager had participated in a managerial or leadership role "in a conspiracy to distribute drugs, primarily cocaine and heroin, from 2004 until 2013, spanning between Iowa and Illinois." Hager, 609 F. App'x at 356-7. The Court also found that "Hager was involved with the distribution of 78,613.975 kilograms of marijuana-equivalent drugs," that "at least one underage individual was involved with the distribution," that Hager obstructed justice three times by making false claims to the Court and the probation officer and telling witnesses to testify untruthfully, and that "Hager had not established that he accepted responsibility for his actions." Id. The 960-month sentence was within the guideline range, and the Court found it to be an appropriate sentence, because Hager "has a long history of drug dealing, has gang affiliation, has not had honest employment, and ha[d] not been honest with the district court or probation. Consequently, the district court believed Hager is at a high risk to recidivate." Id. at 358.

Liberally construed, Hager's 51-page § 2241 petition[2] contends that his detention by the warden of the United States Penitentiary in Lee County, Virginia ("USP Lee") violates due process, because Hager's conviction and sentence were void when imposed. Hager denies that his petition attacks the legality of the criminal judgment against him or that he seeks to have that judgment set aside. He allegedly seeks a "civil remedy" to obtain release from allegedly unconstitutional detention. Id. at 18.

Hager offers several legal "grounds" to prove that the judgment is allegedly "void because it is contrary to the Constitution." Id. at 17. He argues that the indictment was unconstitutionally vague because it did not state, nor did the grand jury charge, the actual drug amount used to calculate his lengthy sentence. He contends that because he pleaded guilty believing his sentence would be 80 months in prison, his plea was not knowing and valid. He complains that the now-advisory federal sentencing guidelines would have "cured the vague indictment" if they had been mandatory instead, as Congress intended. Id. at 27. Hager contends that the Supreme Court violated "Separation of Powers" by ruling that the mandatory aspect of the guidelines had to be changed. Id. at 28. He complains that using relevant conduct to increase his sentence changed his crime of conviction. Id. at 24. Hager asserts: "The court had authority to punish for the agreement to distribute the 100-grames [sic] within the protected area. Everything else violated Mr. Hager's due process of law." Id. at 37. Hager argues that any conspiracy in which he participated was complete when he agreed to it, and thus, it fell outside the scope of the Controlled Substances Act, because his activity within 1,000 feet of a school did not affect interstate commerce. Accordingly,

---

[2] While Hager declares at one point that he is relying on "the Great Writ of 1789," he filed his petition on a form designed for habeas claims under § 2241 and argues that he is entitled to relief under that statute. Pet. 17, ECF No. 1. See Castro v. United States, 540 U.S. 375, 382 (2003) (citations omitted) (noting that a federal court may "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.").

2

he insists, he pleaded guilty to a "non-existent offense," making his plea (and the criminal judgment) "void." Id. at 42-43. In the alternative, he asserts that the statute of conviction itself, 21 U.S.C. § 860, is unconstitutional, because prohibiting drug trafficking in one local, protected area is not "Necessary and Proper for the Regulation of Commerce," citing Article I, section 8, Clause 18 of the Constitution. Id. at 48.

II.

A prisoner may file a motion under § 2255 to collaterally attack the legality of his detention under a conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). A district court cannot entertain a petition for a writ of habeas corpus under § 2241 petition challenging the validity of an inmate's detention under a federal court judgment unless a motion pursuant to 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018). The United States Court of Appeals for the Fourth Circuit has concluded

> that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).[3]

Hager cannot satisfy this standard, because he fails to identify any intervening change in substantive law that decriminalized the acts for which he was convicted. Without question,

---

[3] Hager asserts that the In re Jones ruling "cannot be relied on" and asks the court to consider his claims under a decision by the Eleventh Circuit Court of Appeals and United States v. Surratt, 794 F.3d 240 (4th Cir. 2015). The Surratt decision offers Hager no basis for relief, because it was "nullified" when the Fourth Circuit granted rehearing en banc in December 2015, and the case itself was dismissed as moot after the defendant's sentence was commuted by presidential order. Vassell v. O'Brien, No. 5:17CV9, 2018 WL 3148239, at *10 (N.D.W. Va. Jan. 31, 2018). Moreover, this court, located within the Fourth Circuit's jurisdiction, cannot choose to follow rulings by another court of appeals in contradiction of the Fourth Circuit's clearly established precedent in In re Jones.

3

conspiracy to distribute controlled substances within 1,000 feet of a school is still a violation of federal criminal law. Hager's arguments in his § 2241 petition—attempting to invalidate the criminal judgment convicting and sentencing him—fall squarely within the category of claims that he could have raised on direct appeal or in his first § 2255 motion. The fact that such claims would now be barred as successive or untimely filed if raised in a second § 2255 motion does not authorize Hager to raise them instead in a § 2241 petition through the narrow window of the savings clause of § 2255(e). In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion,") (citations omitted).

An even more stringent standard applies to § 2241 challenges to the legality of an inmate's sentence as imposed. To bring such claims, the prisoner must show that:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. Hager fails to show that his sentence now constitutes "an error sufficiently grave to be deemed a fundamental defect" in light of particular changes in substantive law that occurred after his initial § 2255 motion and have also been found to apply retroactively in a collateral proceeding. Id.

In conclusion, Hager couches his grounds for relief under § 2241 in terms that the warden's execution of his sentence violates the Constitution or laws or treaties of the United States. His claims, however, do not challenge the calculation of his term of confinement or any other facet of

4

the execution of the criminal judgment. On the contrary, all of Hager's claims—an allegedly involuntary guilty plea, alleged constitutional or historic invalidity of the statutes and guidelines under which he was convicted and sentenced, or various court errors at trial and sentencing—could be raised in a § 2255 motion and, thus, cannot fall within the savings clause of § 2255(e) under In re Jones or Wheeler. Therefore, the court concludes that it is without jurisdiction to address Hager's claims attacking either his conviction or his sentence under § 2241. The court will summarily dismiss his petition without prejudice.[4] An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 20th day of June, 2019.

Senior United States District Judge

---

[4] The court declines to construe Hager's submission as a § 2255 motion and transfer it to the United States District Court for the Northern District of Iowa as the sentencing court, because such a motion would surely be dismissed as successive. 28 U.S.C. § 2255(h).